13/29/18 · 12:27

# SUMMONS
## (CITACION JUDICIAL)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 28 2018

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

SUM-100

**NOTICE TO DEFENDANT:** ADT LLC dba ADT SECURITY SERVICES
*(AVISO AL DEMANDADO):* DOES 1-100, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:** GEORGE HALVERSEN,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* BRANDY HALVERSEN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*
   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |

SUPERIOR COURT OF LOS ANGELES
111 N. Hill Street
111 N. Hill Street
Los Angeles, CA 90012

**CASE NUMBER:** BC 699938

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas V. Girardi, State Bar Number 36603   (213)977-0211   (213)481-1554
Girardi | Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017

DATE: MAR 2 8 2018          Clerk, by SHAUNYA BOLDEN, Deputy
*(Fecha)*                   *(Secretario)*          *(Adjunto)*

SHERRI R. CARTER

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* ADT LLC dba ADT SECURITY SERVICES
   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS



Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 28 2018

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

1  GIRARDI | KEESE
   THOMAS V. GIRARDI, State Bar No. 36603
2  SAMANTHA K. GOLD, State Bar No. 314048
   tgirardi@girardikeese.com
3  1126 Wilshire Boulevard
   Los Angeles, California 90017
4  Telephone: (213) 977-0211
   Facsimile: (213) 481-1554
5
   Attorneys for Plaintiffs
6  George Halversen, *et al.*

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10        FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11                                           BC 6 9 9 9 3 8

12  GEORGE HALVERSEN, BRANDY          Case No.
    HALVERSEN,
13                                    COMPLAINT FOR DAMAGES
            Plaintiff,
14                                    1.   Breach of Contract
        v.                            2.   Strict Product Liability – Design
15                                         Defect
    ADT LLC dba ADT SECURITY          3.   Strict Product Liability – Failure To
16  SERVICES, DOES 1-100, inclusive,       Warn
                                      4.   Product Liability – Negligence
17          Defendant.                5.   Product Liability – Negligence Of
                                           Manufacturer Or Supplier
18                                    6.   Negligent Misrepresentation
                                      7.   Fraud
19                                    8.   Violation of Consumer Legal
                                           Remedies Act, California Civil Code
20                                         §§1750 *et sea*.

21
22                                    JURY DEMAND

23       COMES NOW Plaintiffs GEORGE HALVERSEN and BRANDY HALVERSEN,

24  and allege as follows:

25                                     I.

26                                  PARTIES

27       1.    Plaintiff GEORGE HALVERSEN (hereinafter "Mr. Halversen") is an

28  individual who was, at all relevant times mentioned, a resident of the County of Los

                                         1

1 | Angeles, State of California.  Mr. Halversen currently resides in Las Vegas, Nevada.

2 |     2.    Plaintiff BRANDY HALVERSEN (hereinafter "Mrs. Halversen" or "Brandy

3 | Halversen") is an individual who was, at all relevant times mentioned, a resident of the

4 | County of Los Angeles, State of California.  Mrs. Halversen currently resides in Las

5 | Vegas, Nevada.

6 |     3.  ·  Defendant ADT LLC is, at all times mentioned herein was, a limited liability

7 | company organized and existing under the laws of the State of Delaware, and

8 | headquartered at 1501 Yamato Rd., Boca Raton, Florida, 33431.  Plaintiffs are informed

9 | and based thereon allege, that at all times concerned herein ADT LLC was licensed to do

10 | business in and was at all relevant times herein doing business in the County of Los

11 | Angeles, State of California.

12 |     4.    The true names and capacities of the Defendant DOES 1 through 100,

13 | whether individual, corporate, associates or otherwise, are unknown to Plaintiffs at the

14 | time of filing this Complaint.  Plaintiffs, therefore, sue said Defendants by such fictitious

15 | names and will ask leave of court to amend this Complaint to show their true names or

16 | capacities when the same have been ascertained.  Plaintiffs are informed and believe, and

17 | therefore allege, that each of the DOE Defendants are, in some manner, responsible for the

18 | events and happenings herein set forth and proximately caused injury and damages to the

19 | Plaintiffs as herein alleged.

20 | II.

21 | **VENUE AND JURISDICTION**

22 |     5.    Plaintiffs hereby refer to and incorporate by reference each and every

23 | allegation set forth in this Complaint as though fully set forth herein.

24 |     6.    This Court has jurisdiction over this matter because the damages to Plaintiffs

25 | were caused by the wrongful acts and omissions of Defendant, all of which occurred

26 | within the County of Los Angeles, State of California.

27 |     7.    Defendant was authorized to do business within the State of California and

28 | did in fact contract with Plaintiffs within the City and County of Los Angeles, State of

2

COMPLAINT FOR DAMAGES

1  California.

2      8.    Venue is proper in the County of Los Angeles because the damages to

3  Plaintiffs were caused by the wrongful acts and omissions by Defendant, all of which

4  occurred within the City of Los Angeles and County of Los Angeles, State of California.

5                                    III.

6                         FACTUAL SUMMARY

7      9.    Plaintiffs hereby refer to and incorporate by reference each and every

8  allegation set forth in this Complaint as though fully set forth herein.

9      10.   On October 23, 2014, George Halversen received a newsletter entitled

10  "October Newsletter" vie electronic mail from ADT LLC dba ADT Security Services.  It

11  featured the ADT Pulse® system.  George Halversen also saw a television commercial for

12  the ADT Pulse® system in the fall of 2014.  These advertisements represented that the

13  ADT Pulse® system would allow a homeowner to arm and disarm his home security

14  system remotely and receive updates of arming or disarming activity.

15     11.   In 2014, George Halversen entered into a written contract entitled

16  "Residential Services Contract for USAA Members" (hereinafter "Agreement") with ADT

17  LLC dba ADT Security Services (hereinafter "ADT") for a security alarm at his real

18  property located at 3319 Scadlock Lane, Sherman Oaks, California, 91403 (hereinafter

19  "Residence").  A true and correct copy of the Agreement is attached herewith as Exhibit

20  "A."  Mr. Halversen sought the security alarm to protect his family, his residence, and his

21  valuables, including a rare gold coin collection valued at approximately $1.5 million.

22     12.   ADT designed, manufactured, distributed, installed, maintained, and

23  operated within the State of California a consumer product generally known as an "alarm

24  system," "motion detector alarm system," or "security system."

25     13.   The Agreement provided that Mr. Halversen would receive an "upgrade to

26  Pulse + RF Camera." (Exh. A at p. 2).  The ADT Pulse® system allows a homeowner to

27  arm and disarm his home security system remotely and receive updates of arming or

28  disarming activity.  Mr. Halversen upgraded to the ADT Pulse® system because he

                                    3

1  anticipated an increase in his travel schedule at the time. He liked the idea that he would be
2  able to remain informed about the security status of his home even if he were out of town.
3  The homeowner may choose to receive updates and notifications about his security system
4  via email if he initials a "Communications Authorization." (Exh. A at p. 1). If email
5  updates are not authorized, the homeowner will be contacted at the phone number he
6  provides to ADT. (Exh. A at p. 1).

7       14.     At all times relevant hereto, Mr. Halversen had not authorized the receipt of
8  updates and notifications regarding his ADT Pulse® via email. (Exh. A at p. 1). Rather,
9  Mr. Halversen contracted that all updates and notifications regarding his ADT Pulse®
10 would be conveyed to him via phone call to his mobile phone. Mr. Halversen entered into
11 the Agreement on the assumption that his wishes to receive updates solely via phone
12 would be respected. Mr. Halversen wished to receive phone updates and opposed to email
13 updates because he did not monitor his email inbox regularly but had access to his mobile
14 phone at all times.

15      15.     The ADT Pulse® allows users to change account information, including
16 password information, via the Internet through ADT Pulse® Interactive Solutions. Mr.
17 Halversen set up account information for this ADT Pulse® through ADT Pulse®
18 Interactive Solutions. He established a username and password to access his account.

19      16.     Since Mr. Halversen did not permit ADT to send him updates, such as
20 changes in the account information, via email, Mr. Halversen expected any and all changes
21 in account information to be communicated via phone call.

22      17.     Prior to April 2016, Mr. Halversen listed a Danica Delos Santos Winslow as
23 an emergency contact with ADT. Delos Santos Winslow was the former caretaker of Mr.
24 Halversen's late wife. In or around April 2016, Mr. Halversen removed Delos Santos
25 Winslow as an emergency contact for his ADT account. He did so upon his discovery,
26 based upon information and belief, that Delos Santos Winslow had engaged in credit fraud
27 and identity theft. Also at that time, Mr. Halversen changed all of the locks on his
28 Residence.

18.     On or around May 30, 2017, Mr. Halversen and his current wife, Brandy Halversen, were in the process of moving belongings from their Sherman Oaks residence to their residence in Las Vegas, Nevada.  Subsequently, in or around early June of 2017 they traveled to Illinois to attend their niece's graduation.  Prior to leaving Sherman Oaks, Mr. Halversen activated the ADT Pulse® so that all alarm systems in his Sherman Oaks residence were turned on.  Mr. Halversen expected that if there were any notifications or updates provided by ADT they would be provided via phone call to the mobile phone number he gave ADT.

19.     Unbeknownst to Mr. and Mrs. Halversen, while they were out of town, Delos Santos Winslow conspired with an unknown accomplice to hack the Halversen's ADT Pulse® to disengage the alarm system and complete a burglary on the premises.

20.     Delos Santos Winslow was acquainted with Mr. Halversen because she was a former caretaker for Grace Halversen, Mr. Halversen's deceased first wife, and a former emergency contact listed with ADT as of April 2016.  Delos Santos Winslow resided in the Halversen residence fulltime for over a year and a half while she cared for Grace Halversen.

21.     Upon information and belief, Delos Santos Winslow made numerous attempts to log into Mr. Halversen's ADT Pulse® Interactive Solutions account via the Internet from various IP addresses.  There were multiple unsuccessful attempts that caused the system to lock for only approximately 24 hours.  After 24 hours, the system would unlock and allow Delos Santos Winslow and her accomplice(s) to attempt to log into the ADT Pulse® Interactive Solutions account again.

22.     Upon information and belief, when the ADT Pulse® was locked because of too many attempts to log in with an incorrect password, Delos Santos Winslow called ADT in a recorded call and represented that she was Grace Halversen.  She spoke with Defendant's employee, Charles Cruz.  She then represented that she was Brandy Halversen, Mr. Halversen's second wife.  Delos Santos Winslow requested that Mr. Halversen's ADT Pulse® account information be reset.  Neither Grace Halversen nor

1  Brandy Halversen were party to the Agreement; therefore, ADT should not have accepted
2  any request to change the email address from either of them.  Further, Mr. Cruz failed to
3  ask for Mr. Halversen's Personal Identification Code ("PIC") from Delos Santos.  Every
4  ADT customer has a PIC used as an authentication mechanism for ADT representatives to
5  ensure that they are speaking with an authorized account user.

6      23.    Upon information and belief, ADT complied with Delos Santos Winslow's
7  request to reset Mr. Halversen's ADT Pulse® account information without confirming her
8  identity, Mr. Halversen's PIC, contacting Mr. Halversen's mobile phone, or otherwise
9  investigating whether Delos Santos Winslow was deceitful in her representations.

10     24.    Upon information and belief, after ADT permitted Delos Santos Winslow to
11  reset Mr. Halversen's account information, she created an email address to use as the new
12  username for Mr. Halversen's ADT account, which allowed her to intercept email
13  communications from ADT.

14     25.    Starting in or around May 30, 2017, ADT's Customer Support Team sent an
15  email update to ghalversen@gmail.com – the email address used as Mr. Halversen's
16  "Username" for his ADT Pulse® Interactive Solutions account.  It went unread by Mr.
17  Halversen because he was on vacation and not regularly checking emails.  He did,
18  however, have access to his mobile phone and would have been able to answer any phone
19  calls from ADT regarding his ADT Pulse®.

20     26.    Because Delos Santos Winslow and her conspirators were wrongfully
21  provided access to Mr. Halversen's ADT Pulse® account, the were able to disengage the
22  ADT Pulse® security system at Mr. Halversen's Sherman Oaks, California Residence,
23  open the garage door of the Residence, and steal Mr. Halversen's valuables, including his
24  rare gold coin collection.  Upon information and belief, the rare gold coin collection alone
25  was valued at approximately $1.5 million.

26     27.    Upon information and belief, Delos Santos Winslow sold part of the
27  collection to a pawn broker for the approximate sum of $700,000.00.

28     28.    Mr. and Mrs. Halversen have suffered damages in an amount to be proven at

6

COMPLAINT FOR DAMAGES

1   trial.

2                  **IV.**

3             **FIRST CAUSE OF ACTION**

4              **BREACH OF CONTRACT**

5       **Plaintiff George Halversen Against All Defendants**

6       29.    Plaintiffs hereby refer to and incorporate by reference each and every

7   allegation set forth in this Complaint as though fully set forth herein.

8       30.    In 2014, Mr. Halversen entered into a written contract entitled "Residential

9   Services Contract for USAA Members" (hereinafter "Agreement") with ADT for a security

10   alarm at his real property located at 3319 Scadlock Lane, Sherman Oaks, California,

11   91403. A true and correct copy of the Agreement is attached herewith as Exhibit "A." Mr.

12   Halversen sought the security alarm to protect his family, his residence, and his valuables,

13   including a rare gold coin collection valued at approximately $1.5 million. Grace

14   Halversen nor Brandy Halversen were party to this Agreement.

15       31.    Mr. Halversen specifically declined to authorize the receipt of email updates

16   and notifications regarding his ADT security system. He contracted so that he would

17   receive all updates and notifications through his mobile phone.

18       32.    He also contracted on the basis that no unauthorized persons would be

19   granted access to his account information or permitted to arm or disarm the ADT Pulse®

20   system without his authority.

21       33.    ADT breached the Agreement by:

22           (a)    Failing to contact Mr. Halversen by phone about updates and

23   notifications for his ADT Pulse®;

24           (b)    Permitting an unauthorized person to reset his account information

25   and gain access to his ADT Pulse® system; and

26           (c)    Unlocking the ADT Pulse® system after 24 hours even when it had

27   been previously locked because of invalid password attempts at multiple IP addresses.

28       34.    ADT's breaches permitted the burglary of the Plaintiffs' Residence, and thus,

1 | caused them damages in an amount to be proven at trial.

2 | **V.**

3 | **SECOND CAUSE OF ACTION**

4 | **STRICT PRODUCT LIABILITY – DESIGN DEFECT**

5 | **Plaintiffs Against All Defendants**

6 | 35.　Plaintiffs hereby refer to and incorporate by reference each and every

7 | allegation set forth in this Complaint as though fully set forth herein.

8 | 36.　Plaintiffs allege that ADT designed, manufactured, distributed, advertised,

9 | sold, and installed a security system that did not perform as safely as an ordinary consumer

10 | would have expected it to perform when used in an intended or reasonably foreseeable

11 | way.

12 | 37.　The ADT Pulse® was defectively designed, tested, and inspected, and

13 | distributed in this defective condition. The ADT Pulse® security system used by Plaintiffs

14 | was defective when it left the hands of ADT and entered the stream of commerce. The

15 | ADT Pulse® security system used by Plaintiffs was unreasonably dangerous to an extent

16 | beyond that which would be contemplated by the ordinary consumer.

17 | 38.　ADT is strictly liable to Plaintiffs for the injuries and damages caused by this

18 | product, as alleged in this Complaint, because:

19 | (a)　The defects in the ADT Pulse® security system, as described herein,

20 | were a substantial factor in proximately causing the malfunction of the system that is the

21 | subject of this Complaint, and the resulting damages;

22 | (b)　At the time of the incident that is the subject of this Complaint, the

23 | ADT Pulse® security system was being used by Plaintiffs in the manner normally

24 | intended, and a manner easily foresecable to ADT;

25 | (c)　At the time of the incident that is the subject of this Complaint, the

26 | Plaintiff could not, by the exercise of reasonable care, have discovered the defects in the

27 | ADT Pulse® security system, or perceived its danger; and,

28 | (d)　At the time of the incident that is the subject of this Complaint, the

1    Plaintiffs could not, by the exercise of reasonable care, have prevented the harms they

2    sustained when the subject ADT Pulse® security system malfunctioned.

3          39.    The ADT Pulse® security system used by Plaintiffs was unreasonably

4    dangerous to an extent beyond that which would be contemplated by the ordinary

5    consumer because it:

6          (a)      Allowed unauthorized persons to access sensitive account

7    information to disable the ADT Pulse® security system to commit criminal activity;

8          (b)      Automatically unlocked accounts after 24 hours even if there were

9    multiple failed attempts to log into the account from different IP addresses; and

10          (c)      Failed to notify the account owner by phone of activity related to the

11    arming and disarming of the ADT Pulse® security system.

12         40.    Plaintiffs used the ADT Pulse® security system in a reasonably foreseeable

13    way, and in a way that ADT should have reasonably expected it to be used by consumers.

14          41.    As a direct and proximate result of ADT's conduct and the defective security

15    system's failure to perform safely, Plaintiffs suffered damages set forth herein.

16                                   **VI.**

17                   **THIRD CAUSE OF ACTION**

18        **STRICT PRODUCT LIABILITY – FAILURE TO WARN**

19              **Plaintiffs Against All Defendants**

20         42.    Plaintiffs hereby refer to and incorporate by reference each and every

21    allegation set forth in this Complaint as though fully set forth herein.

22         43.    The ADT Pulse® security system had a defect that caused injury to

23    Plaintiffs.

24         44.    Plaintiffs were damaged by a product designed, manufactured and distributed

25    by ADT. The ADT Pulse® security system contained a defective design and did not

26    include sufficient warnings or instructions of potential safety hazards, nor did ADT issue

27    any verbal warning to Plaintiffs that the ADT Pulse® system might not be functioning

28    correctly, that it could permit an unauthorized person to access account information to

1  allow the system to be disabled, that the system would automatically unlock 24 hours after
2  it was locked because of too many invalid password attempts, or that Plaintiffs would not
3  be contacted by phone to be made aware of activity, such as attempts to change account
4  information from multiple IP addresses.

5    45.    The ADT Pulse® security system used by Plaintiffs was defectively
6  designed, tested, and inspected, and distributed in this defective condition. The ADT
7  Pulse® security system used by Plaintiffs was defective when it left the hands of ADT and
8  entered the stream of commerce. The ADT Pulse® security system used by Plaintiffs was
9  unreasonably dangerous to an extent beyond that which would be contemplated by the
10  ordinary consumer.

11    46.    As a result of ADT's failure to adequately warn, and adequately label, with
12  adequate and correct warnings affixed directly upon the ADT security system, or to issue
13  any verbal warning to Plaintiffs that the ADT system might not be functioning correctly or
14  could be hacked, ADT directly and proximately caused the injuries sustained by Plaintiffs.

15    47.    The ADT Pulse® security system had potential risks that were easily known
16  or knowable, to wit, that a product must be adequately and correctly labeled, and proper
17  warnings provided and affixed upon the subject security system, especially where there is a
18  clear and present danger of injury, such as Plaintiffs', should the system malfunction, nor
19  did ADT issue any verbal warning to Plaintiffs, such as that the ADT system might not be
20  functioning correctly, or that it could permit an unauthorized person to access account
21  information to allow the system to be disabled, that the system would automatically unlock
22  24 hours after it was locked because of too many invalid password attempts, or that
23  Plaintiffs would not be contacted by phone to be made aware of activity, such as attempts
24  to change account information from multiple IP addresses.

25    48.    The aforementioned defects presented a substantial danger when the product
26  was used or misused in an intended and/or reasonably foreseeable way.  An ordinary
27  consumer would not have recognized the potential risks, the same as Plaintiffs did not
28  recognize the potential risks, as ADT failed to adequately warn, label or instruct of the

COMPLAINT FOR DAMAGES

1  potential risks.

2      49.    The ADT Pulse® security system that was being used by Plaintiffs was in

3  the same or substantially the same condition as it was when it was manufactured and

4  distributed by ADT and had not been changed, altered or damaged in any material way.

5      50.    Plaintiffs used the ADT Pulse® security system in a reasonably foreseeable

6  way, and in a way that ADT should have reasonably expected it to be used by consumers.

7      51.    As a direct and proximate result of ADT's conduct and the defective ADT

8  Pulse® security system's failure to perform safely, Plaintiffs suffered the damages set forth

9  herein.

10                              **VII.**

11                    **FOURTH CAUSE OF ACTION**

12              **PRODUCT LIABILITY – NEGLIGENCE**

13                   **Plaintiffs Against All Defendants**

14      52.    Plaintiffs hereby refer to and incorporate by reference each and every

15  allegation set forth in this Complaint as though fully set forth herein.

16      53.    Plaintiffs were damaged by a product negligently designed, manufactured,

17  supplied, sold, installed, maintained, inspected and repaired by ADT.

18      54.    Plaintiffs used the ADT Pulse® security system in a reasonably foreseeable

19  way, and in a way that ADT should have reasonably expected it to be used by consumers.

20  Due to ADT's failure to meet the reasonable standard of care to be expected of ADT under

21  the circumstances of this case, Plaintiffs suffered damages set forth herein.

22      55.    As a direct and proximate result of ADT's negligent conduct and the

23  defective ADT security system's failure to perform safely, Plaintiffs suffered damages set

24  forth herein.

25  ///

26  ///

27  ///

28  ///

                              11

# VIII.

## FIFTH CAUSE OF ACTION

### PRODUCT LIABILITY – NEGLIGENCE OF MANUFACTURER OR SUPPLIER

#### Plaintiffs Against All Defendants

56. Plaintiffs hereby refer to and incorporate by reference each and every allegation set forth in this Complaint as though fully set forth herein.

57. Plaintiffs were damaged by a product negligently manufactured, distributed, sold and installed by ADT. The ADT Pulse® security system contained a defective design and insufficient warnings or instructions of potential safety hazards.

58. The subject ADT Pulse® security system used by Plaintiffs was defective when it left the hands of ADT and entered the stream of commerce.

59. The ADT Pulse® security system had a defect that caused injury to Plaintiffs and was a substantial factor in causing said injuries.

60. The ADT Pulse® security system that was being used by Plaintiffs was in the same or substantially the same condition as it was when it was manufactured and distributed by ADT, and had not been changed or altered or damaged in any material way.

61. ADT knew or reasonably should have known that the ADT Pulse® security system was dangerous or likely to be dangerous when used in a reasonably foreseeable manner as a result of ADT's negligent design and manufacture of the subject security system, and ADT knew or should have known that users would not realize this danger, despite which ADT failed to adequately warn of the danger or recall or retrofit the subject ADT Pulse® security system.

62. A reasonable manufacturer, distributor, or seller under the same or similar circumstances would have warned of the danger of malfunction or recalled or retrofitted the subject security system.

63. As a direct and proximate result of ADT's negligent conduct and the defective ADT Pulse® security system's failure to perform safely, Plaintiffs suffered the damages set forth herein.

**IX.**

**SIXTH CAUSE OF ACTION**

**NEGLIGENT MISREPRESENTATION**

**Plaintiffs Against All Defendants**

64.   Plaintiffs hereby refer to and incorporate by reference each and every allegation set forth in this Complaint as though fully set forth herein.

65.   ADT and DOES 1 through 100, inclusive, and each of them, distributed, sold, and supplied the ADT Pulse® System to the general public, including Plaintiffs, with materially false and incomplete information with regard to the safety and effectiveness of said product for use.

66.   ADT, and DOES 1 through 100, inclusive, and each of them, supplied false information that the ADT Pulse® System and its component parts were impervious to hacking from unauthorized users, that the ADT Pulse® System would alert authorized users of attempts to remotely access the system, that the ADT Pulse® System would lock after unauthorized attempts to access the system.

67.   In supplying this false information, ADT and DOES 1 through 100, inclusive, and each of them, failed to exercise reasonable care.

68.   The false information communicated to Plaintiffs was material, and Plaintiffs relied in good faith on the information to their detriment.

69.   As a direct and proximate result of each the said Defendants' misrepresentations, Plaintiffs obtained and used the ADT Pulse® System, causing them to suffer injuries.  Plaintiffs have suffered economic damages, including but not limited to the loss of their valuables which includes a rare gold coin collection, noneconomic damages, and any other damages as permitted by law.

70.   In performing the foregoing acts and omissions, the ADT, and DOES 1 through 100, inclusive, and each of them, acted despicably, fraudulently, and with malice and oppression so as to justify an award of punitive and exemplary damages.

**X.**

13

<u>**SEVENTH CAUSE OF ACTION**</u>

**FRAUD**

**Plaintiffs Against All Defendants**

71.   Plaintiffs hereby refer to and incorporate by reference each and every allegation set forth in this Complaint as though fully set forth herein.

72.   ADT, and DOES 1 through 100, inclusive, and each of them, knowingly and intentionally made materially false and misleading representations to the general public, including Plaintiffs, to the effect that the ADT Pulse® System, and its component parts, were safe and effective for its intended use.

73.   ADT specifically represented to consumers, including Plaintiffs, that the ADT Pulse® System and its component parts were impervious to hacking from unauthorized users, that the ADT Pulse® System would alert authorized users of attempts to remotely access the system, that the ADT Pulse® System would lock after unauthorized attempts to access the system.

74.   These representations were made in advertisements Mr. Halversen saw in 2014.   On October 23, 2014, George Halversen received a newsletter entitled "October Newsletter" vie electronic mail from ADT LLC dba ADT Security Services.   It featured the ADT Pulse® system.   George Halversen also saw a television commercial for the ADT Pulse® system in the fall of 2014.   These advertisements represented that the ADT Pulse® system would allow a homeowner to arm and disarm his home security system remotely and receive updates of arming or disarming activity.

75.   Defendants' superior knowledge and expertise, their relationship of trust and confidence with the public, and their specific knowledge regarding the risks and effectiveness of the ADT Pulse® System, each gave rise to an affirmative duty to meaningfully disclose and provide all material information concerning the risk and effectiveness associated with said products.

76.   ADT, and DOES 1 through 100, inclusive, and each of them, knew or reasonably should have known, that Plaintiffs would rely upon DEFENDANTS' deceitful

1   misrepresentations regarding the safety and efficacy of the ADT Pulse® System.

2        77.   Plaintiffs did rely upon the misrepresentations and/or omissions of truth

3   made by ADT, and DOES 1 through 100, inclusive.

4        78.   As a direct and proximate result of each Defendant's deceiving

5   misrepresentations, Plaintiffs used the ADT Pulse® System, causing them to suffer harm.

6        79.   These Defendants' deceiving misrepresentations regarding the risks and

7   efficacy of the ADT Pulse® System were a direct and proximate cause of Plaintiffs' loss of

8   their valuables, loss of sense of security in their home, and the intrusion into their privacy.

9        The foregoing acts, conduct and omissions of the ADT, and DOES 1 through 100,

10   inclusive, and each of them, were vile, base, willful, malicious, wanton, oppressive and

11   fraudulent, and were done with a conscious disregard for the safety of Plaintiffs and other

12   users of the ADT Pulse® System, and reckless ignorance of the truth of said products, for

13   the primary purpose of increasing and sustaining profits. As such, Plaintiffs are entitled to

14   punitive damages.

15                                    XI.

16                         **EIGHTH CAUSE OF ACTION**

17   **VIOLATION OF CONSUMER LEGAL REMEDIES ACT, CALIFORNIA CIVIL**

18                         **CODE §§1750 ET SEQ.**

19                    **Plaintiffs Against All Defendants**

20        80.   Plaintiffs hereby refer to and incorporate by reference each and every

21   allegation set forth in this Complaint as though fully set forth herein.

22        81.   California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§

23   1750, *et seq.*, prohibits "unfair methods of competition and unfair or deceptive acts or

24   practices undertaken by any person in a transaction intended to result or which results in

25   the sale or lease of goods or services to any consumer."

26        82.   The ADT Pulse® sold by Defendants is a "good" as defined in Cal. Civ.

27   Code § 1761(a). Plaintiffs are "consumers" as defined in Cal. Civ. Code § 1761(d).

28        83.   As alleged above, Defendants made numerous misrepresentations concerning

1  the benefits, efficiency, performance and safety features of the ADT Pulse®, including that
2  homeowners would receive updates of arming or disarming activity to their device of
3  choice, that only authorized users could access a ADT Pulse® Interactive Solutions
4  account via the Internet, that the ADT Pulse® System would lock after unauthorized
5  attempts to access it until the account owner was contacted.

6        84.    Due to Defendants' conduct, Defendants' representations were misleading.

7        85.    Plaintiffs were deceived by Defendants' failure to disclose that the ADT
8  Pulse® System could be hacked by an unauthorized third party.

9        86.    Defendants' conduct, was and is in violation of the CLRA. Defendants'
10  conduct violates at least the following CLRA provisions:.

11              (i)     Cal. Civ. Code § 1770(a)(5): Representing that goods have
12  characteristics, uses, and benefits that they do not have;

13              (ii)    Cal. Civ. Code § 1770(a)(7): Representing that goods are of a
14  particular standard, quality, or grade, if they are of another;

15              (iii)   Cal. Civ. Code § 1770(a)(9): Advertising goods with intent not to sell
16  them as advertised; and

17              (iv)    Cal. Civ. Code § 1770(a)(16): Representing that goods have been
18  supplied in accordance with a previous representation when they have not.

19        87.    Plaintiffs sent a notice letter on or around February 1, 2018 to the above-
20  captioned Defendants demanding, pursuant to California Civil Code § 1782(a)(2), that they
21  correct, repair, replace or otherwise rectify this grave injustice that has damaged and
22  continues to damage consumers.  That letter went unheeded and Defendants have failed to
23  correct, repair, replace or otherwise rectify the harm done to the Plaintiffs.

24        88.    Plaintiffs have suffered injury in fact and actual damages resulting from
25  Defendants' material omissions and misrepresentations because they paid an inflated
26  premium purchase for the ADT Pulse® System. Further, Plaintiffs suffered injury in fact
27  and actual damages because they had their rare gold coin collection stolen as the result of
28  unauthorized access to the ADT Pulse®.

1      89.    Defendants knew, should have known of the defective design and

2  manufacture of the ADT Pulse® System were not suitable for their intended use.

3      90.    Defendants concealed material facts from Plaintiffs because a reasonable

4  consumer would have considered them to be important in deciding whether to purchase

5  ADT Pulse® System. Had Plaintiffs known about the defects in the ADT Pulse® System,

6  they would not have purchased it.

7      91.    Plaintiffs' injuries were proximately caused by Defendants' fraudulent and

8  deceptive business practices. Plaintiffs are entitled to equitable and monetary relief under

9  the CLRA.

10                        XII.

11                 **PRAYER FOR RELIEF**

12      WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them,

13  as follows:

14      1.  For compensatory damages, and interest thereon, in an amount to be proven at

15          trial;

16      2.  For the imposition of a constructive trust on the monies held by Defendants;

17      3.  For cost of suit herein;

18      4.  For punitive damages;

19      5.  For attorneys' fees;

20      6.  For such other and further relief as the court deems just and proper.

21  DATED: March 28, 2018        GIRARDI | KEESE

22

23

24                    By:   _____

THOMAS V. GIRARDI

25                      SAMANTHA K. GOLD

26                      Attorneys for Plaintiffs George Halversen, *et al.*

27  ///

28  ///

**COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on each and every cause of action and issue.

DATED:  March 28, 2018               GIRARDI | KEESE


By: _____
    THOMAS V. GIRARDI
    SAMANTHA K. GOLD
    Attorneys for Plaintiffs George Halversen, *et al.*